UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAURICE WAUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1735** |
| **WARDEN WINDHAM** | **SECTION: "E"(3)** |

### REPORT AND RECOMMENDATION

Petitioner, Maurice Waugh, is a state prisoner incarcerated at the LaSalle Correctional Center in Olla, Louisiana. He filed the instant federal application seeking habeas corpus relief,[1] and the matter was referred to the undersigned United States Magistrate Judge "to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. 636(b)(1)(B) and (C)."[2]  Having determined that an evidentiary hearing is unnecessary, the undersigned now submits the following proposed findings and recommendations.

On September 20, 2011, petitioner entered <u>Alford</u> pleas[3] in the Louisiana Twenty-Fourth Judicial District Court to the crimes of simple kidnapping and false imprisonment while armed with a dangerous weapon, and he was sentenced to two concurrent terms of five years imprisonment. On that same date, he then also pleaded guilty to being a second offender and was resentenced as such on the simple kidnapping conviction to a concurrent term of ten years imprisonment without benefit of probation or suspension of sentence.[4]

---

[1] Rec. Doc. 5.
[2] Rec. Doc. 16.
[3] <u>See</u> <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970). An <u>Alford</u> plea allows a defendant to plead guilty while maintaining his factual innocence.
[4] State Rec., Vol. 1 of 2, minute entry dated September 20, 2011; State Rec., Vol. 1 of 2, guilty plea forms.

Petitioner thereafter filed a variety of motions and applications in the state courts seeking relief from his convictions and sentences. The instant federal application concerns the denial of one application in particular.[5] Specifically, petitioner modified a form intended for use by federal prisoners seeking relief under 28 U.S.C. § 2255, and he filed that form, which he captioned as a "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Custody," in the state district court on or about January 28, 2014.[6] On March 27, 2014, the court construed that motion as an application for post-conviction relief and denied it as untimely under La. Code Crim. P. art. 930.8(A).[7] The Louisiana Fifth Circuit Court of Appeal denied petitioner's related writ application on May 14, 2014,[8] and then likewise denied his request for rehearing on July 1, 2014.[9]

Petitioner thereafter completed a form to be used by prisoners seeking relief under 28 U.S.C. § 2241, captioned it for filing in the "United States District Court for the 5th Circuit Court of Appeals,"[10] and mailed that petition to the *Louisiana* Fifth Circuit Court of Appeal for filing.[11] Nonplussed, the clerk of that state court then forwarded the petition to the Clerk of this Court with a letter stating: "This appears to be an attempt to file in the U.S. District Court, rather than in this Court."[12] Our Clerk accepted the document for filing, and it has been docketed as a petition seeking federal habeas corpus relief under 28 U.S.C. § 2241.

The undersigned is far from convinced that petitioner was in fact attempting to seek any form of relief in this federal Court, much less relief under § 2241. Nevertheless, because the

---

[5] See Rec. Doc. 5, p. 2.
[6] State Rec., Vol. 1 of 2.
[7] State Rec., Vol. 1 of 2, Order dated March 27, 2014.
[8] Waugh v. State, No. 14-KH-175 (La. App. 5th Cir. May 14, 2014); State Rec., Vol. 1 of 2.
[9] Waugh v. State, No. 14-KH-175 (La. App. 5th Cir. July 1, 2014); Rec. Doc. 5-2, p. 2.
[10] Rec. Doc. 5, p. 1.
[11] Rec. Doc. 5-1, p. 5.
[12] Rec. Doc. 5-3, p. 1.

petition has in fact been accepted for filing and a filing fee has been paid, the undersigned will review the application.  However, for the following reasons, it is clear that this Court cannot grant petitioner the relief he seeks – or, for that matter, any form of relief under the federal habeas corpus statutes.

In this application, petitioner claims that he was denied his right to "due process" and "equal protection" by the state court's decision to construe his "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Custody" as an application for post-conviction relief and to deny it as untimely under La. Code Crim. P. art. 930.8(A).[13]  He opines that, unlike true post-conviction applications, motions to correct an illegal sentence may be filed at *any* time under La. Code Crim. Proc. art. 882.[14]  As relief, he therefore requests that his motion be "re-heard and reviewed in the 5th Circuit Court of Appeals."[15]

Assuming for the purposes of this decision that petitioner did intend to file the instant application in the federal court rather than in the Louisiana Fifth Circuit Court of Appeal, this Court must first determine the nature of the application.  The preprinted form petitioner used is captioned as a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241."[16]  However, as explained below, the application is not in fact a proper § 2241 petition.

A state prisoner may seek relief under § 2241 in two situations.  First, *prior* to conviction, a state prisoner may use § 2241 to challenge his pretrial detention.  See, e.g., Dickerson v.

---

[13] That article provides that, subject to limited exceptions, "[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922."  La. Code Crim. P. art. 930.8(A).

[14] That article provides: "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review."  La. Code Crim. P. art. 882.

[15] Rec. Doc. 5, p. 8.

[16] Rec. Doc. 5, p. 1.

Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions … are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."); accord Yellowbear v. Wyoming Attorney General, 525 F.3d 921, 924 (10th Cir. 2008). Second, *after* conviction, a state prisoner may use § 2241 to challenge the manner in which prison officials are executing his sentence. See Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995); Williams v. Cain, Civ. Action No. 14-1517, 2015 WL 4647947, at *2 (E.D. La. July 27, 2015); accord Yellowbear, 525 F.3d at 924. Because petitioner's challenge here does not fall within either of those categories, his claim is not properly considered under § 2241.

Alternatively, in some circumstances, a state prisoner may also seek relief under 28 U.S.C. § **2254**. Specifically, under § 2254, a state prisoner may challenge the legality of his underlying conviction or sentence. See Stewart, 1995 WL 727244; Williams v. Cain, 2015 WL 4647947, at *2; accord Yellowbear, 525 F.3d at 924. However, petitioner likewise is not asserting that type of challenge, and his claim clearly could not serve as a basis for granting him relief under § 2254 for the following reasons.[17]

First, as noted, petitioner's underlying contention that the state courts misinterpreted articles 882 and 930.8 of the Louisiana Code of Criminal Procedure. However, that simply is not

---

[17] The state argues that petitioner's federal application would be untimely if construed as a § 2254 application. However, a federal habeas court may pretermit a ruling on timeliness where, as here, it can more easily dispose of a petition on other grounds. See, e.g., Gordon v. Cain, Civ. Action No. 12-1884, 2013 WL 3833076, at *2 n.22 (E.D. La. July 22, 2013); Brooks v. McCoy, No. 5:11-HC-2222-F, 2012 WL 3629233, at *4 (E.D.N.C. Aug. 22, 2012). The state also argues that petitioner has not exhausted his state court remedies. However, the Court likewise need not reach that issue. It is clear that a federal court may similarly pretermit a decision on exhaustion where the underlying claim fails on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civ. Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008).

4

a call for this federal court to make. Those articles are purely matters of state law, and it is beyond cavil that the *state* courts are the final arbiters of *state* law. See Levy Gardens Partners 2007, L.P. v. Commonwealth Land and Title Insurance Co., 706 F.3d 622, 629 (5th Cir. 2013) ("The principle that state courts are the final arbiters of state law is well-settled."); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law." (internal citation and quotation marks omitted)); Ballay v. Louisiana, Civ. Action No. 06-10699, 2007 WL 4413990, at *2 (E.D. La. Dec. 13, 2007) ("To the extent that petitioner is in fact simply arguing that the state courts misapplied the state limitations period for seeking post-conviction relief, that claim clearly is not cognizable in this Court. La. Code Crim. P. art. 930.8, which sets forth the limitations period and the exceptions thereto, is a state law provision, and, as such, its interpretation is left to the state courts.").[18]

Second, *even if* the state courts had misinterpreted state law, and *even if* that misinterpretation had led the state courts to commit an error in the handling of petitioner's motion to correct an illegal sentence, that error could not serve as a basis for relief under § 2254. As the United States Fifth Circuit Court of Appeals has explained:

> [O]ur circuit precedent makes abundantly clear that errors in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief. See, e.g., Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court."); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect

---

[18] However, in any event, the undersigned notes that the state courts did *not* misapply state law. In his motion, petitioner did not in fact argue that his sentence exceeded the punishment allowed by the statutes in question; rather, he claimed that he was wrongly found to be a second offender and that he was subjected to double jeopardy. The Louisiana Supreme Court has explained that where, as here, a petitioner raises a claim of trial error rather than a claim that his sentence is actually illegal, article 882 does *not* apply; instead, such claims are properly construed as post-conviction claims subject to the article 930.8's limitations period. State v. Parker, 711 So.2d 694, 695 (La. 1998).

to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotations omitted).  *Rather, we must find constitutional error at the trial or direct review level in order to issue the writ.*

Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999) (emphasis added).  Petitioner's claim, which addresses a purported error in the state *collateral* review proceedings, is therefore not cognizable under § 2254.

For these reasons, petitioner is not entitled to federal habeas corpus relief under *either* § 2241 *or* § 2254.  Accordingly, regardless of how his federal application is construed, it should be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** the federal application for habeas corpus relief filed by Maurice Waugh be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of February, 2016.

                                                 **DANIEL E. KNOWLES, III**
                                                 **UNITED STATES MAGISTRATE JUDGE**